# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JESSICA R MARTINEZ,**

    **Plaintiff,**

v.     Case No.  8:13-cv-391-T-30MAP

**COMMERCIAL RECOVERY**
**SYSTEMS, INC.,**

    **Defendant.**

_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment (Dkt. 7).  The Court, having considered the motion, record evidence, and being otherwise advised in the premises, concludes the motion should be granted, and final judgment entered in favor of Plaintiff in the amount of $2,000.00.

## BACKGROUND

On February 12, 2013, Plaintiff Jessica R. Martinez filed this action against Defendant Commercial Recovery Systems, Inc. ("CRS") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*  The complaint seeks, among other things, statutory damages, actual damages, punitive damages, and reasonable attorney's fees and costs under the FDCPA and FCCPA.

On April 3, 2013, the Clerk of Court entered a Clerk's Default against CRS for its failure to respond to the complaint or otherwise appear in this action. Dkt. 6. Martinez now seeks entry of a final default judgment against CRS.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm it has jurisdiction over the claims and the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Martinez's FDCPA claims and supplemental jurisdiction over Martinez's FCCPA claims. Also, the complaint's allegations are sufficient to state a claim under the FDCPA and FCCPA.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

**A.     FDCPA Violations**

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e); *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir. 2011). The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision ... with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and statutory "additional damages." *See* 15 U.S.C. § 1692k(a). In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a "debt collector" under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *See Wise v. Coach,* 2010 WL1257665, at *2 (S.D. Fla. Mar. 26, 2010).

Martinez alleges that she is a consumer and that CRS, a debt collector, placed several collection calls to Martinez regarding an alleged defaulted consumer debt arising from the repossession of a Chrysler PT Cruiser automobile. Martinez alleges that CRS deceptively claimed she failed to appear for a mediation which never occurred and threatened to garnish Martinez's husband's wages when CRS had no right to do so. Martinez also alleges that CRS threatened garnishment of her federal tax refund and threatened to initiate a tax lien against her property when CRS had no right to do so. Finally, Martinez alleges CRS engaged in abusive, harassing, deceptive, and unfair debt collection practices as prohibited by the FDCPA.

Having concluded that the Court has jurisdiction and Martinez's complaint adequately states a claim under the FDCPA, the Court will award Martinez statutory damages in the amount of $1,000.00 under 15 U.S.C. § 1692k(a)(2).

**B.  FCCPA Violations**

In collecting consumer debts, the FCCPA prevents any "person" from "[s]imulat[ing] in any manner a law enforcement officer or a representative of any governmental agency," and "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist."  Fla. Stat. §§ 559.72(1) & (9).

Martinez alleges that CRS placed a deceptive phone call by pretending to be associated with the Hillsborough County Sheriff's office and claimed it needed to serve Martinez with a lawsuit at her residence based on the defaulted debt.  Martinez alleges that this call was not placed by the Hillsborough County Sheriff's office, but was rather CRS deceptively representing it was a government agent.  As discussed above in the FDCPA section, Martinez alleges that CRS asserted the legal right to garnish her federal tax return and her husband's wages and to initiate a tax lien against her property, all of which Martinez alleges CRS knew it did not have the right to do.

Having concluded that the Court has jurisdiction and Martinez's complaint adequately states a claim under the FCCPA, the Court will award Martinez statutory damages in the amount of $1,000.00 under Fla. Stat. § 559.77(2).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Dkt. 7) is GRANTED.

2. The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against Defendant in the amount of $2,000.00.

3. The Court retains jurisdiction on the issue of attorney's fees and costs. Plaintiff's counsel may file a motion for attorney's fees and costs within fourteen (14) days of the date of this Order.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-391.FDCPAdefaultjudgment.frm